## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: 03-6442 DSD/JSM

Doris M. Gohman,

          Plaintiff,

-vs-

Wells Fargo & Co. d/b/a Wells Fargo Educational Fin. Serv.,
Equifax Information Services, LLC,
Trans Union LLC;
Experian Information Solutions, Inc.,
and
CSC Credit Services, Inc.

          Defendants.

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT TRANS UNION'S MOTION TO COMPEL DISCOVERY**

## INTRODUCTION

Defendant has ignored the procedure for attorney's fees in Fed. R. Civ. P. 54 and has made discovery requests not reasonably calculated to lead to the discovery of admissible evidence. Defendant is not impeded from making a Rule 68 offer of judgment. Contrary to Defendant's suggestion, it is not operating in the dark about Plaintiff's attorney's fees because presumably Defendant knows what its own attorney's fees are, which are a reasonable benchmark of Plaintiff's fees. Nor must Defendant ultimately accept Plaintiff's evaluation of "reasonable attorney's fees." If Defendant makes an offer of judgment for a specific amount for damages plus an unspecified amount for "reasonable attorney's fees," Defendant will have an opportunity under Rule 54 to challenge Plaintiff's fee petition, and will not have any exposure beyond its Rule 68 offer other than "reasonable attorney's fees as determined by the court."

In addition, there will never be any reason for Plaintiff to disclose her fee arrangement with her attorney's, because it is independent of the lodestar calculation of her reasonable attorney's fees. Moreover, Defendant has not specifically requested the fee arrangement.

Accordingly, Defendant's Motion to Compel Discovery should be denied in its entirety.

## RELEVANT FACTS

Based on the blatantly false indication on her credit reports that she was deceased, Plaintiff brought suit under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., and related common law claims against Trans Union and the other Defendants. (See generally, Compl.) Plaintiff's prayer for relief sought actual damages greater than $100,000, statutory and punitive damages greater than $200,000, costs and reasonable attorney's fees, and injunctive relief against each Defendant. (See Compl., prayer for relief).

On January 27, 2004, Trans Union interposed a Rule 68 Offer of Judgment. Trans Union offered to pay $2,500 to settle Plaintiff's entire case against Trans Union, inclusive of attorney's fees and costs. (See Goolsby Aff. ¶ 2, Ex. A.) Plaintiff did not accept that offer.

On April 14, 2004, Defendant Trans Union served its First Set of Interrogatories and Request for Production of Documents on Plaintiff. Trans Union's only interrogatory was:

> Please state, as of the date of your response hereto, the total amount of attorneys' fees and costs incurred in this lawsuit, which you attribute to Trans Union. Your response should include any amounts attributable to responding to *Trans Union's First Interrogatories to Plaintiff* and *Trans Unions* [sic] *First Request for Production to Plaintiff.*

(See Trans Union's Ex. A.) Similarly, Trans Union's only request for documents asked Plaintiff to:

> Produce documentation of all fees and costs incurred as of the date of your response hereto, that you intend to seek from Trans Union including, but not limited to, attorneys' fees, statements, bills, invoices, engagement letter(s), fee

2

> agreement(s), receipts, etc. Your response should include all documentation that you possess or have access to, including but not limited to, the documentation you intend to introduce at trial in support of your request for costs and attorney fees under 15 U.S.C. § 1681n and § 1681o.

(See Trans Union's Ex. B.)[1]

Plaintiff explained in her responses that the issue of attorney's fees is not properly joined unless liability is established. (See Trans Union's Exs. A, B.) There has been no judgment in this case. Nevertheless, Trans Union refused to change its position. Instead of acceding to the post-judgment procedure under Fed. R. Civ. P. 54 for petitioning for, contesting, and ultimately evaluating attorney's fees, Trans Union has instead burdened Plaintiff and the Court with this pointless motion.

## ARGUMENT

### I. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for the discovery only of information reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1). In 2000, Rule 26(b)(1) was amended such that it no longer suffices that the discovery sought be relevant to the "subject matter" of the case, it must now be relevant to "the claim or defense" of a party. Although Rule 26(b)(1) generally allows for the discovery of such relevant evidence, that Rule also expressly states that there are limitations on discovery. See Id. Rule 26(b)(2) provides that the trial Court is required in certain circumstances to limit the discovery even of relevant evidence:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;

---

[1] Trans Union's transcription of this request in its brief omits "fee agreement(s)," so it is not clear whether Trans Union seeks to compel the fee agreement.

> (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2) (emphasis added). The 2000 amendment to Rule 26(b)(1) specifically drew attention to the limitations in Rule 26(b)(2). The express reference in Rule 26b(1) to the limitations on discovery was "added to emphasize the need for active judicial use of subdivision (b)(2) to control excessive discovery." Advisory Committee Note to the 2000 Amendment to Rule 26(b)(1); see also Behler v. Hanlon, 199 F.R.D. 553, 555 (D. Md. 2001) (holding that the amended Rule 26 is more narrow). Parties are not entitled to use discovery to conduct a "fishing expedition." Koch v. Koch Industries, Inc., 203 F.3d 1202, 1238 (10th Cir. 2000). Even before Rule 26 was amended in 2000, the Supreme Court had instructed trial courts to "not neglect their power to restrict discovery" where appropriate. Herbert v. Lando, 441 U.S. 153, 177 (1979). Rule 26(b)(2) makes clear that discovery shall be limited if any sort of burden – not just financial – outweighs the likely benefit. See Fed. R. Civ. P. 26(b)(2)(iii) (contemplating "burden or expense," not merely expense).

II. **DEFENDANT'S MOTION TO COMPEL SHOULD BE DENIED IN ITS ENTIRETY BECAUSE NONE OF DEFENDANT'S REQUESTS ARE REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE.**

The Federal Rules of Civil Procedure provide the exclusive mechanism for litigating attorney's fees under fee-shifting statutes such as the FCRA. See Fed. R. Civ. P. 54. Rule 54, which Defendant nowhere mentions in its brief, not only provides a mechanism for adjudicating attorney's fees, but makes such mechanism mandatory: "Claims for attorneys' fees and related nontaxable expenses *shall* be made by motion unless the substantive law governing the action

4

provides for the recovery of such fees as an element of damages to be proved at trial." Fed. R. Civ. P. 54(d)(2)(A) (emphasis added).

The FCRA provides that a prevailing Plaintiff is entitled to "the costs of the action together with reasonable attorney's fees as determined *by the court*." 15 U.S.C. §§ 1681n, 1681o (emphasis added). As there is thus no possibility that attorney's fees will be relevant to any issue to be determined at trial, requests for evidence related to attorney's fee are not "reasonably calculated to lead to the discovery of admissible evidence." Indeed, the Eighth Circuit has held that nearly identical language on attorney's fees in the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692k(a), makes plain that attorney's fees are not a component of damages to be proved at trial. Hennessy v. Daniels Law Office, 720 F.3d 551, 553 (8th Cir. 2001) (finding that the district court erred in denying a motion for attorney's fees made after judgment had been entered pursuant to an offer of judgment that did not indicate whether it included attorney's fees).

The procedure in Rule 54 therefore applies. Rule 54 further provides that the motion shall be made *after* the entry of judgment. See Fed. R. Civ. P. 54(d)(2)(B). Hence, the attorney's fee issue is not joined prior to judgment. To compel a plaintiff to calculate her attorney's fees and costs at this early stage would effectively require a plaintiff to calculate her fees and costs twice: once when asked in discovery and again post-judgment when preparing the Rule 54 petition. Such a requirement would be needlessly burdensome.

Defendant here attempts to scuttle Rule 54 and place burdens on Plaintiff not contemplated by the discovery rules or the FCRA. Defendant's argument is primarily based on the faulty premise that it needs the discovery in question in order to make a Rule 68 offer of judgment.

Trans Union's assertion that it is somehow hindered from making an offer of judgment is disingenuous.[2]  Trans Union as already made an offer of judgment in this case, as has one of the other Defendants.

In making an offer of judgment, Trans Union does not have to "blindly" make an offer or "guess" at Plaintiff's attorney's fees:  it is well established that a defendant's own hourly rate and time expended are benchmarks of plaintiff's reasonable attorney's fees.[3]  See, e.g., Gaines v. Dougherty County Bd. of Ed., 775 F.2d 1565, 1571 n.12 (11th Cir. 1985); Duchscherer v. W.W. Wallwork, Inc., 534 N.W.2d 13, 19 (N.D. 1995); Bayless v. Irv Leopold Imports, Inc., 659 F. Supp. 942, 944 (D. Or. 1987);   Real v. Continental Group, 116 F.R.D. 211, 213 (N.D. Cal. 1986); Mitroff v. Xomox Corp., 631 F. Supp. 25, 28 (S.D. Ohio 1985); Blowers v. Lawyers Co-op Publishing Co., 526 F. Supp. 1324, 1325-27 (W.D.N.Y. 1981) (time spent by defense attorneys discoverable); Naismith v. Professional Golfers Ass'n, 85 F.R.D. 552, 562-63 (N.D. Ga. 1979); McPherson v. School Dist. No. 186, 465 F. Supp. 749, 758-59 (S.D. Ill.1978); Stasny v. Southern Bell Tel. & Tel. Co., 77 F.R.D. 662, 663 (W.D.N.C. 1978); Murray v. Stuckey's, Inc., 153 F.R.D. 151, 153 (N.D. Iowa 1993).

Even if the amount of a plaintiff's attorney's fees were utterly mysterious to defendants, Trans Union's suggestion that this is "inherently unfair" again ignores Rule 54:  a defendant is given a full opportunity to contest a plaintiff's fee petition, and the court is required to make findings of fact before awarding fees.  See Fed. R. Civ. P. 54(d)(2)(c).  There is nothing unfair about a defendant paying damages plus separately-adjudicated reasonable attorney's fees – indeed, that is exactly what the Act requires.  See 15 U.S.C. §§ 1681n, 1681o.

---

[2] None of the other Defendants in this case have joined Trans Union's motion.
[3] Accordingly, if Trans Union's Motion is somehow granted, it should be made clear that Plaintiff is likewise entitled to discover each Defendant's rates and amount of time spent if the reasonableness of Plaintiff's fees is challenged.

III. **DEFENDANT'S ATTEMPT TO COMPEL PRODUCTION SPECIFICALLY OF THE FEE ARRANGEMENT BETWEEN PLAINTIFF AND HER ATTORNEYS SHOULD BE REJECTED FOR ADDITIONAL REASONS.**

A. **Plaintiff's fee arrangement with her attorneys will never be relevant to the calculation of the reasonable attorneys fees to which she will ultimately be entitled.**

Assuming that Trans Union is moving to compel production of the fee arrangement,[4] such motion should be denied. Even if Plaintiff's counsel's rates and hours are somehow discoverable, Plaintiff's attorneys' contractual fee arrangement with their client is not.

It is now widely accepted that attorney's fees in fee-shifting statutes are calculated by the lodestar method. See Gisbrecht v. Barnhart, 535 U.S. 789, 801-02 (2002). The lodestar method calculates reasonable attorney's fees by multiplying the number of hours reasonably expended by a reasonable hourly rate. Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The reasonable hourly rate is determined with reference to the prevailing hourly rate of the local legal community. U.S. v. Big D Enterprises, Inc., 184 F.3d 924 (8th Cir. 1999). Hence, a party's contractual agreement with her attorney does not figure in to the calculation of reasonable attorney's fees.

Accordingly, a party's agreement with his or her lawyers may not be considered as a floor, standard, or ceiling for attorney's fees to be recovered under a fee-shifting statute. See Blanchard v. Bergeron, 489 U.S. 87, 93-94 (1989); Venegas v. Mitchell, 495 U.S. 82, 82-83 (1990); see also City of Burlington v. Dague, 505 U.S. 557, 565 (1992); Sanderson v. Winner, 507 F.2d 477, 479-80 (10th Cir.1974); Stahler v. Jamesway Corp., 85 F.R.D. 85, 86 (E.D. Pa. 1979) (finding fee agreement not discoverable); Amherst Leasing Corp. v. Emhart Corp., 65 F.R.D. 121, 126 (D. Conn. 1974); Bogosian v. Gulf Oil Corp., 337 F. Supp. 1228, 1229-30 (E.D.

---

[4] As noted, Trans Union's brief omits "fee agreement(s)" from the transcription of the document request pursuant to which Trans Union brings this motion.

7

Pa. 1971) (denying motion to compel fee arrangement); Foremost Promotions Inc., et al. v. Pabst Brewing Co., et al., 15 F.R.D. 128, 129-30 (N.D. Ill. 1953) (finding fee arrangement not relevant).

The only authority involving compelling fee arrangements to which Defendant's can point is the Eleventh's Circuit's decision in Maddow v. Procter & Gamble Co., Inc., 107 F.3d 846 (11th Cir. 1997). (See Def.'s Mem. at 4.) However, Defendant's reliance on Maddow is misplaced for several reasons. First, Maddow was decided before the 2000 Amendments narrowing the scope of discovery under Rule 26(b). Thus, Maddow's reasoning that under the old rule the fee agreement was "arguably relevant" to the *subject matter* of the case, 107 F.3d at 853, does not necessarily mean that under the new rule the fee agreement is relevant to any *claim or defense* that will be presented at trial.

Second, the Eleventh Circuit in Maddow did not adopt as its own the view that the fee agreement was discoverable, but instead merely found that the district court had not abused its discretion. Maddow, 107 F.3d at 853. As the Eleventh Circuit itself has noted, an appellate court may affirm under an abuse-of-discretion standard even if it would have decided differently had review been de novo. See, e.g., In re Rasbury, 24 F.3d 159, 168 (11th Cir. 1994). Indeed, Maddow found that reasonable people could disagree as to whether compelling the production of the fee agreement was appropriate, and reversed as an abuse of discretion the district court's award of sanctions against the non-disclosing party. See Maddow, 107 F.3d at 853. Maddow held that the plaintiffs had been substantially justified in relying on Supreme Court dictum seeming to indicate that the fee arrangement was non-discoverable. See Id. (citing Blanchard, 489 U.S. at 93; City of Burlington, 505 U.S. at 565).

8

Finally, the Eleventh Circuit has more recently suggested that indeed the fee arrangement has no relevance to the calculation of reasonable attorney's fees in fee-shifting statutes: "[T]he lodestar method is better suited to the courts' independent determination of what constitutes a 'reasonable' fee, and should be applied even where the prevailing party singed a contingency fee contract." Kay v. Apfel, 176 F.3d 1322, 1326 (11th Cir. 1999) (citing Blanchard, 489 U.S at 91-96). On this authority, at least one published decision from within the Eleventh Circuit rejected the argument that the terms of the fee arrangement are important to a determination of reasonable attorney's fees. See Miller v. Kenworth of Dothan, Inc., 117 F. Supp. 2d 1247, 1264 (M.D. Ala. 2000) ("District courts are required to make an independent assessment of the reasonableness of the fee irrespective of whether a fee agreement exists.")

**B. Defendant has not even requested the fee arrangement.**

Trans Union's attempt to compel the fee arrangement fails for the final reason that, even if the document request is read with the words "fee agreement(s)" included, the scope of the discovery requests, taken in their entirety, does not encompass the fee arrangement.

Trans Union's interrogatory seeks "the total amount of attorney's fees and costs incurred in this lawsuit." A response to this question would simply be a dollar amount (calculated using the lodestar method, without reference to the fee arrangement). The interrogatory thus does not ask for the fee arrangement.

Nor does the document request ask for the fee arrangement. The document request seeks "documentation of all fees and costs incurred as of the date of your response hereto, *that you intend to seek from Trans Union* including, but not limited to, attorneys' fees, statements, bills, invoices, engagement letter(s), fee agreement(s), receipts, etc." (emphasis added). Again, Plaintiff ultimately "intend(s) to seek from Trans Union" attorney's fees calculated by the

9

lodestar method, which does not look to the fee arrangement. The fee arrangement is therefore not documentation of fees and costs that Plaintiff intends to seek from Trans Union. Trans Union's document request goes on to state, "Your response should include all documentation that you possess or have access to, including but not limited to, *the documentation you intend to introduce at trial* in support of your request for costs and attorney fees under 15 U.S.C. § 1681n and § 1681o." (emphasis added). However, as attorney's fees are not determined at trial, Plaintiff does not intend to introduce any documentation at trial in support of her request for costs and fees. Plaintiff certainly does not intend to introduce the fee arrangement at trial. Thus, the document request as worded does not encompass the fee arrangement, and emphasizes Trans Union's unwillingness to acknowledge the procedure under Rule 54.

## CONCLUSION

Trans Union's motion should be denied because the issue of attorney's fees and costs is not ripe, and Trans Union is ignoring the procedure set forth in Rule 54. Trans Union's attempt to discover in particular the fee arrangement should be denied for the additional reasons that the fee arrangement will never be discoverable, and Trans Union has not requested it anyway. Accordingly, Defendant Trans Union's Motion to Compel Discovery should be denied in its entirety.

Dated: June 23, 2004.                              Respectfully submitted,


                                                   By:____s/John H. Goolsby_____
                                                   **CONSUMER JUSTICE CENTER, P.A.**
                                                   John H. Goolsby (#0320201)
                                                   Thomas J. Lyons, Jr. (# 249646)
                                                   342 East County Road D

>Little Canada, Minnesota 55117
>Telephone:  (651) 770-9707
>
>**THOMAS J. LYONS & ASSOCIATES**
>Thomas J. Lyons, Sr. (#65699)
>342 East County Road D
>Little Canada, MN 55117
>Telephone: (651) 770-9707
>
>Attorneys for Plaintiff

11