**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: 03-6442 DSD/JSM**

Doris M. Gohman,

        Plaintiff,

-vs-

Wells Fargo & Co. d/b/a Wells Fargo
Educational Fin. Serv.,
Equifax Information Services, LLC,
Trans Union LLC;
Experian Information Solutions, Inc.,
and
CSC Credit Services, Inc.

        Defendants.

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT TRANS UNION'S MOTION TO COMPEL DISCOVERY**

## INTRODUCTION

Pursuant to the Court's instruction at oral argument on June 30, 2004, Plaintiff submits this Supplemental Memorandum of Law in Opposition to Defendant Trans Union's Motion to Compel Discovery. The relevant facts have been set forth previously. This Memorandum answers two questions posed by the Court at oral argument. The first question is whether attorney's fees under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., are "costs" for purposes of Fed. R. Civ. P. 68. The answer is "No" because the FCRA provides for recovery of "the costs of the action *together with* reasonable attorney's fees" instead of attorney's fees "as *part of* the costs." Cases cited herein emphasize the importance of this distinction. The second question is whether a fee arrangement between a plaintiff and her attorneys is relevant to a calculation of reasonable attorney's fees under the FCRA. The answer is again "No" because under the FCRA, as under all federal fee-shifting statutes, the modern

standard for determining reasonable attorney's fees is the lodestar model, which does not factor-in the fee arrangement.  Cases cited herein amplify this point.

## SUPPLEMENTAL ARGUMENT

I. **BECAUSE ATTORNEY'S FEES ARE NOT "COSTS" UNDER THE FCRA, RULE 68'S COST ALLOCATION PROVISION DOES NOT RENDER INFORMATION RELATED TO ATTORNEY'S FEES RELEVANT.**

Rule 68 provides in relevant part, "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the *costs* incurred after the making of the offer."  Fed. R. Civ. P. 68 (emphasis added).  Thus, attorney's fees make a difference under Rule 68 only if they are defined as part of "costs."

Whether attorney's fees are "costs" for purposes of Rule 68 depends on the wording of the underlying statute providing for recovery of attorney's fees.  The landmark Supreme Court decision finding that "costs" in Rule 68 included attorney's fees in cases involving 42 U.S.C. § 1988 relied on the specific language in that statute stating that the prevailing party may be awarded attorney's fees "as *part of* the costs."  Marek v. Chesny, 473 U.S. 1, 9 (1985) (emphasis added).  The Court explained, "*[W]here the underlying statute defines 'costs' to include attorney's fees*, we are satisfied such fees are to be included as costs for purposes of Rule 68."  Id. (emphasis added).

Justice Brennan pointed out in dissent that the Court's reliance on such minute details of statutory phraseology would lead to a contrary result under statutes awarding "costs *together with* a reasonable attorney's fee" as opposed to attorney's fees "as *part of* the costs."  Id. at 23 (Brennan, J., dissenting).  Brennan specifically pointed out that the Consumer Credit Protection Act, of which the Fair Credit Reporting Act forms part, is such a statute.  See Id. at 49 (Appendix A to Brennan's dissent) (citing 15 U.S.C. § 1681n).  The majority neither disputed

2

Brennan's conclusion that § 1681n and like statutes would operate differently from § 1988 nor appeared disturbed by such a consequence of the rule they established. See generally Id. at 7-12.

At least one case has applied this distinction specifically to the FCRA:

> Although the attorneys' fee provision at issue in Marek statutorily defined attorneys' fees as "costs", the same is not true for the statutes at issue in this action. Compare 42 U.S.C. § 1988 ("the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee *as part of the costs*") (emphasis added) with 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2) (a prevailing party may recover "the costs of the action *together with* reasonable attorney's fees as determined by the court") (emphasis added) . . . . Therefore, the attorneys' fees are not necessarily subject to the cost-shifting provision of Rule 68.

Solomon v. Onyx Acceptance Corp., File No. CV 02-03640 FMC, slip op. at 4-5 (C.D. Cal. June 14, 2004) (Goolsby Affidavit ¶ 2, Ex. A).[1]

In a case involving similar fee-shifting statutory language, the Eleventh Circuit has opined:

> Each and every statute cited in Marek as including attorneys' fees within the definition of allowable costs features either the words "as part of the costs" or similar indicia that attorneys' fees are encompassed within costs. . . . The Court did not say that where the underlying statute permits the award of both costs and attorneys' fees, fees are to be included as costs for Rule 68 purposes. In explaining its holding, the Court stated: "This 'plain meaning' interpretation of the interplay between Rule 68 and § 1988 is the only construction that gives meaning to each word in both Rule 68 and § 1988." Id., 105 S.Ct. at 3017 (emphasis added).
>
> In contrast with the statute at issue in Marek and those described by the Supreme Court in that case is RESPA's fee shifting provision, § 2607(d)(5). This section . . . provides for the award of the "costs of the action together with reasonable attorneys fees." 12 U.S.C. § 2607(d)(5) (emphasis added). Simply stated, the words "together with" are substantively and critically different from the phrase "as part of." Whereas the latter phrase plainly encompasses attorneys' fees within the universe of awardable costs, the former connotes that costs and fees are distinct entities that are commonly awardable. Indeed, Justice Brennan explicitly

---

[1] The court did find that the plaintiff was responsible for his own post-offer-of-judgment attorney's fees, but only because the court in its discretion found such attorney's fees unreasonable, not because Rule 68 commanded such a result.

> recognized this in Marek, as § 2607(d)(2)(b) is designated in the appendix to his dissenting opinion as an example of a statute that does not include attorneys' fees within "costs." See 473 U.S. at 48, (Brennan, J., dissenting).
>
> We must assume that Congress selected the words "together with" carefully, i.e., that while it wanted both costs and attorneys' fees to be awardable under RESPA, it did not want them treated as being indistinct in the context of this statute. See generally United States v. Steele, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc) ("[W]e must presume that Congress said what it meant and meant what it said."). This is especially so given that Congress had on so many previous occasions enacted statutes designating attorneys' fees "as part of costs." To hold otherwise would be to impermissibly ignore this obvious difference between the language of RESPA and these other statutes, and thereby disregard the Supreme Court's admonition in Marek that every word of a statute, e.g., "together with," is to be afforded meaningful effect. See 473 U.S. at 9, 105 S.Ct. at 3017.

Pedraza v. United Guranty Corp., 313 F.3d 1323, 1334 (11th Cir. 2002); see also Pacific Insurance Co. v. Burnet Title, Inc., Civil No. 02-2767, slip op. at 15-16 (D. Minn. 2003) (JRT/FLN) (relying on "together with" language to find attorney's fees not costs under the Real Estate Settlement Procedures Act) (Goolsby Affidavit ¶ 3, Ex. B); Oates v. Oates, 866 F.2d 203, 205-08 (6th Cir. 1989) (finding attorney's fees not costs in context of statute providing for recovery of "a reasonable attorney's fee and other litigation costs reasonably incurred").

Similarly, the Eight Circuit has held that a statute merely authorizing "costs" without any mention of attorney's fees does not allow for recovery of attorney's fees. McNabb v. Riley, 29 F.3d 1303, 1306 (8th Cir. 1994).

Accordingly, Rule 68 does not provide any basis for Defendant in this case to obtain information about attorney's fees prior to a determination of liability and a petition pursuant to Rule 54.

**II.    THE FEE ARRANGEMENT BETWEEN PLAINTIFF AND HER ATTORNEYS IS NOT RELEVANT TO A CALCULATION OF REASONABLE ATTORNEY'S FEES UNDER THE FCRA OR ANY OTHER FEE-SHIFTING STATUTE.**

As shown above and in Plaintiff's principle brief, all information ostensibly related to attorney's fees is irrelevant at least until liability is established and Rule 54 procedures invoked. Moreover, the fee arrangement in particular will not be relevant in this case even in a Rule 54 petition for attorney's fees

Numerous FCRA cases have determined reasonable attorney's fees without indicating that the fee arrangement between the plaintiff and his or her attorney is relevant. See, e.g., Donnay v. CSC Credit Services, et al., Civ. No. 02-3795 (D. Minn. Mar. 29, 2004) (RHK/AJB) (Goolsby Affidavit ¶ 4, Ex. C); Sheffer v. Experian Information Solutions, Inc., et al., File No. 02-7407 (E.D. Pa. 2003) (Goolsby Affidavit ¶ 5, Ex. D).[2]

Cases involving other fee-shifting provisions are also instructive: significantly, the Supreme Court has held that case law regarding what is a "reasonable" attorney's fee is to be applied "uniformly" to all fee-shifting statutes calling for "reasonable" attorney's fees. Burlington v. Dague, 505 U.S. 557, 562 (1992). As noted in Plaintiff's principal brief, published case law has held that a plaintiff's fee agreement with his or her attorneys is not important to a determination of a reasonable attorney's fee in fee shifting statutes. See Miller v. Kenworth of Dothan, Inc., 117 F. Supp. 2d 1247, 1264 (M.D. Ala. 2000). Similarly, another district court, in rejecting a defendant's contention that the nature of the fee arrangement was relevant, persuasively explained:

> [Defendant] Textron has produced *no case law that the fee arrangement that counsel has with its client has any bearing on entitlement to attorney's fees* under Rule 37 or Rule 26(g). Such a proposition would create the anomalous (and intolerable) situation of relieving a defendant of any penalty (or greatly reducing that penalty) for discovery abuse where representation was on a pro bono or contingency basis or was by a government lawyer.

---

[2] Defendant TransUnion was a defendant in both Donnay and Sheffer, in which the plaintiffs were represented by the same counsel as here. This fact belies TransUnion's suggestion that it is completely in the dark as to Plaintiff's attorneys' normal hourly rates.

Poole v. Textron, Inc., Civ. No. WMN -98-280, slip op. at 35, n.19 (D. Md. 2000) (Goolsby Affidavit ¶ 6, Ex. E) (emphasis added) (citing U.S. v. Big D Enterprises, Inc., 184 F.3d 924, 936 (8th Cir. 1999) (cited in the present Plaintiff's principal brief)).

The evolution of Supreme Court authority also shows that if fee arrangements were ever considered relevant to determinations of reasonable attorney's fees, that is not the rule today. It is true that in 1983 the Supreme Court, while generally adopting the lodestar model, held, "The product of reasonable hours times a reasonable rate does not end the inquiry." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). The Court allowed that a trial court may also consider the other factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-179 (5th Cir. 1974) ("the Johnson factors").[3]  See Hensley, 461 U.S. at 429-30, 434, n.9. However, even Hensley emphasized that many of the Johnson factors "usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." Id. at 434, n.9. Indeed, the only other Johnson factor on which the particular fee arrangement even arguably has any

---

[3] The twelve Johnson factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Hensley, 461 U.S. at 430, n.3 (citing Johnson, 488 F.2d at 717-19).

bearing is whether the fee is fixed or contingent.[4]

As this Court has noted in the context of an FCRA case, "Courts since the mid-1980's have generally rejected any adjustments to the lodestar and the Supreme Court has held that trial courts should adjust the lodestar only in rare and exceptional circumstances." Donnay, slip op. at 3 (citing Burlington, 505 U.S. at 562). In fact, subsequent to Hensley, the Supreme Court expressly rejected the notion that a lodestar calculation may be altered on the basis that the fee agreement is contingent. See generally Burlington, 505 U.S. 557 (1992). The Court explained:

> Contingency enhancement is a feature inherent in the contingent fee model (since attorneys factor in the particular risks of a case in negotiating their fee and in deciding whether to accept the case). To engraft this feature onto the lodestar model would be to concoct a hybrid scheme that resorts to the contingent fee model to increase a fee award, but not to reduce it. Contingency enhancement is therefore not consistent with our general rejection of the contingent fee model for fee awards, *nor is it necessary to the determination of a reasonable fee.*
>
> And finally, the interest in ready administrability that has underlain our adoption of the lodestar approach, see, e.g., Hensley, 461 U.S., at 433, and the related interest in avoiding burdensome satellite litigation (the fee application "should not result in a second major litigation," id., at 437), counsel strongly against adoption of contingency enhancement. Contingency enhancement would make the setting of fees more complex and arbitrary, hence more unpredictable, and hence more litigable. It is neither necessary nor even possible for application of the fee-shifting statutes to mimic the intricacies of the fee-paying market in every respect.

---

[4] Fed. R. Civ. P. 54 was amended in 1993 to add paragraph (2) to subdivision (d). The new paragraph sets forth the procedure for petitioning for and contesting attorney's fees, which occurs post-judgment. The new paragraph indicates that the fee agreement need be disclosed, if at all, only in a post-judgment motion for fees and only if the court in its discretion so directs. See Rule 54(d)(2)(B) ("If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made.") That the disclosure of the fee agreements is not mandated by the Rule but left to the court's discretion indicates that in a routine fee-shifting case there is no presumption that the fee agreement will be relevant. At the very least, Rule 54(d)(2)(B) makes abundantly clear that if the fee agreement is ever relevant, it is only post-judgment. Indeed, the Advisory Committee Notes provide, "The rule does not require that the motion [for fees] be supported at the time of filing with the evidentiary material bearing on the fees. This material must of course be submitted *in due course*, according to such schedule as the court may direct in light of the circumstances of the case." Rule 54, Advisory Committee Notes, 1993 Amendment (emphasis added). Thus, the evidentiary material TransUnion now seeks need not even be provided at the time Plaintiff initially files for attorney's fees.

Burlington, 505 U.S. at 566-67 (emphasis added).  As noted in Plaintiff's principal brief, the Supreme Court since Burlington has gone out of its way to emphasize yet again that the lodestar figure "holds sway" in fee-shifting statutes.  See Gisbrecht v. Barnhart, 535 U.S. 789, 801-02 (2002).

The authorities analyzed above amplify Plaintiff's previously stated position:  the lodestar calculation, which is simply a factor of the reasonable hours spent times reasonable hourly rates, is the modern standard for calculation of reasonable attorney's fees under fee-shifting statutes such as the FCRA.  Accordingly, Plaintiff's fee arrangement with her attorney's has no relevance.

## CONCLUSION

For the reasons above and for the reasons set forth in Plaintiff's principal brief, Defendant Trans Union's Motion to Compel Discovery should be denied in its entirety.

Dated: July 14, 2004.                    Respectfully submitted,

By:     s/John H. Goolsby
**CONSUMER JUSTICE CENTER, P.A.**
John H. Goolsby (#0320201)
Thomas J. Lyons, Jr. (# 249646)
342 East County Road D
Little Canada, Minnesota 55117
Telephone:  (651) 770-9707

**THOMAS J. LYONS & ASSOCIATES**
Thomas J. Lyons, Sr. (#65699)
342 East County Road D
Little Canada, MN 55117
Telephone: (651) 770-9707

Attorneys for Plaintiff