UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DORIS M. GOHMAN,                                     CIVIL NO. 03-6442 (DSD/JSM)

   Plaintiff,

v.                                                                                   ORDER

WELLS FARGO & CO., et al.,

   Defendants.

JANIE S. MAYERON, United States Magistrate Judge

The above matter came on for hearing before the undersigned upon defendant Trans Union, LLC's Motion to Compel [Docket No. 23]. John Goolsby, Esq. appeared on behalf of plaintiff and Kristopher Kazmierczack, Esq. appeared on behalf of defendant Trans Union, LLC.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

**IT IS HEREBY ORDERED:**

1.   Defendant Trans Union, LLC's Motion to Compel [Docket No. 23] is **GRANTED** as stated forth in the Memorandum below.

Dated:     December 1, 2004

                                              s/ *Janie S. Mayeron*
                                              JANIE S. MAYERON
                                              United States Magistrate Judge

**MEMORANDUM**

**I.     PROCEDURAL/FACTUAL BACKGROUND**

On December 10, 2003, plaintiff Doris M. Gohman ("Gohman") filed a Complaint against defendants under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et

seq. As a part of her requested for relief, Gohman made a claim to recover costs and attorney's fees from defendant Trans Union, LLC ("Trans Union"), pursuant to §§ 1681n and 1681o of FCRA. See Complaint, ¶¶ 15, 123. In addition, Gohman's prayer for relief seeks costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681 et seq. See Complaint at p. 22.

On January 27, 2004, Trans Union made an Offer of Judgment pursuant to Fed. R. Civ. P. 68 in the amount of $2,500. See Affidavit of John H. Goolsby, Ex. A. Gohman did not accept the offer.[1] See Plaintiff's Memorandum of Law in Opposition to Defendant Trans Union's Motion to Compel Discovery ("Pl.'s Mem.") at p. 2.

On April 14, 2004, Trans Union served its First Set of Interrogatories and Request for Production of Documents on Gohman. The specific discovery at issue relates to Interrogatory No. 1 and Document Request No. 1. Interrogatory No. 1 and Gohman's Answer was as follows:

> **Interrogatory No. 1**: Please state, as of the date of your response hereto, the total amount of attorneys' fees and costs incurred in this lawsuit, which you attribute to Trans Union. Your response should include any amounts attributable to responding to *Trans Union's First Interrogatories to Plaintiff* and *Trans Union's Requests for Production to Plaintiff*.
>
> **RESPONSE:**
>
> **Plaintiff objects to this interrogatory as premature and unduly burdensome. Plaintiff's attorneys' fees do not become material until Defendant's liability is established.**

See Exhibit List to Defendant Trans Union, LLC's Brief in Support of its Motion to Compel (Def.'s Ex. List"), Ex. A (emphasis in original).

---

[1] There is a dispute between the parties as to whether Gohman saw or was told about Trans Union's settlement offer. However, this issue does not affect this Court's decision on whether to compel the discovery of attorney's fee information.

Trans Union's Request for Production of Documents No. 1 and Gohman's Response was as follows:

> **Request for Production No. 1**: Produce documentation of all fees and costs incurred, as of the date of your response hereto, that you intend to seek from Trans Union including, but not limited to, attorneys' fees, statements, bills, invoices, engagement letter(s), fee agreement(s), receipts, etc. Your response should include all documentation that you possess of have access to, including but not limited to, the documentation you intend to introduce at trial in support of your request for costs and attorney fees under 15 U.S.C. §1681n and §1681o.
>
> **RESPONSE:**
>
> Plaintiff objects to this interrogatory as premature and unduly burdensome. Plaintiff's attorneys' fees do not become material until Defendant's liability is established. Plaintiffs Responses To Defendant Trans Union's First Request For Production Of Documents is attached hereto as Exhibit B.

Id., Ex. B (emphasis in original).[2] Gohman has represented that she will not produce attorney fee information without an order from the Court directing her to do so.

## II.   DISCUSSION

Trans Union seeks an order compelling Gohman to produce information supporting her claims for attorney's fees, including hourly rates, billing and the fee arrangement with her attorney. See Defendant Trans Union LLC's Brief in Support of its Motion to Compel ("Def.'s Mem.") at p. 1.  It is Trans Union's position that it is entitled to this information as Gohman has made a claim for attorney's fees, this information will aid it in making a reasonable offer of judgment in order to meet the purpose of Rule 68 of the Federal Rules of Civil Procedure, that it will promote the efficient resolution of this matter, and that it may use the offer of judgment and contingent fee agreement as part

---

[2]   This Court finds, despite Gohman's Argument to the contrary, that the plain language of Request for Production of Documents No. 1 incorporates fee arrangements as part of the request.

of its defense and the Court's determination of fees, if necessary.  Id. at p. 4; see also Defendant Trans Union LLC's Supplemental Memorandum in Support of its Motion to Compel ("Def.'s Supp. Mem.") at p. 1.

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  See Fed. R. Civ. P. 26(b)(1); see also Walker v. Northwest Airlines Corp., No. Civ.00-2604 MJD/JGL, 2002 WL 32539635 at *1 (D. Minn., Oct. 28, 2002) ("In the context of discovery, 'relevant' has been defined as encompassing 'any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'") (quoting Hickman v. Taylor, 329 U.S. 495, 501 (1947)).  The party requesting discovery does not need to show an immediate need of the requested information; only that the discovery is relevant to a claim at issue.  See Kramer v. NCS Pearson, Inc., No. Civ. 03-1166 JRT/FLN, 2003 WL 21640495 at * 2 (D. Minn. June 39, 2003).

In this case, Gohman has made a claim for attorney's fees for Trans Union's alleged willful non-compliance and negligent non-compliance under the FRCA.  See Complaint, ¶¶ 15, 123 (citing 15 U.S.C. §§ 1681n, 1681o).  The language allowing for an award of attorney's fees under §§ 1681n and 1681o is exactly the same:

> [I]n the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

See 15 U.S.C. §§ 1681 n(a)(3), 1681 o(a)(2).

As stated previously, Trans Union argued that the hourly rates, billing and the fee arrangement are relevant as it will enable it to make a good faith offer of judgment under Rule 68 of the Federal Rules of Civil Procedure, including costs incurred by Gohman.  In opposition, Gohman contended the attorney billing information is not

4

relevant to making an offer of judgment under Rule 68 because the term "cost," used within Rule 68, does not include attorney's fees. See Plaintiff's Supplemental Memorandum of Law in Opposition to Defendant Trans Union Motion to Compel Discovery ("Pl.s' Supp. Mem."), at pp. 1-4.

Rule 68 provides in relevant part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with <u>costs</u> then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine <u>costs</u>. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the <u>costs</u> incurred after the making of the offer.

(Emphasis added).

The United States Supreme Court has found that where an underlying statute does not define costs to include attorney's fees, they are not included as costs for the purposes of Rule 68. See <u>Marek v. Chesny</u>, 473 U.S. 1, 8-9, 23 (1985) (citation omitted); <u>see</u> <u>also</u> <u>Radecki v. Amoco Oil Co.</u>, 858 F.2d 397, 400 n. 2 (8th Cir. 1988) (citation omitted). Here, §§ 1681n and 1681o, allow for an award of "<u>the costs of the action together with reasonable attorney's fees</u> as determined by the court." See 15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2) (emphasis added). The plain language of §§ 1681n and 1681o do not include attorney's fees as costs. Given the language of the FRCA, this Court does not find that attorney's fees are costs under Rule 68. As such, Rule 68

5

does not provide the needed justification to order Gohman to produce her attorney's hourly rates, billing and the fee arrangement between her and her counsel.[3]

The remainder of Trans Union's argument regarding its entitlement to the attorney's fee information centers on its relevancy to Gohman's claims and Trans Union's defenses. Gohman argues that information related to attorney's fees is presently irrelevant to any issue to be decided at trial. See Pl.'s Mem. at p. 5. It is true that the provisions of the FRCA entitling a prevailing party to fees, provide that attorney's fees are to be "determined by the court." See 15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2). It is also true that under Rule 54 of the Federal Rules of Civil Procedure, "claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial," and that such motions are brought after an entry of judgment in the case. See Fed. R. Civ. P. 54(d)(2)(A) and (B); L.R. 54.3(b). However, the fact that the issue of attorney's fees is not determined, if at all, until after an entry of judgment in favor of Gohman in connection with her FCRA action, the issue

---

[3] Trans Union's reliance on Parke v. First Reliance Life Ins. Co., No. 99-1039, 2003 WL 131731 (D. Minn. Jan. 8 2003), rev. in part and aff'd in part by 368 F.3d 999 (8th Cir. 2004), for the proposition that discovery of attorney's fees are relevant to the making of a Rule 68 offer of judgment is misplaced. See Def.'s Supp. Mem. at pp. 2-3. In Parke, the Court found that "[a]lthough Rule 68 does not require that a plaintiff bear her own post-offer attorney's fees, the Court is not prohibited from considering plaintiff's rejection of the settlement offer as one factor affecting its decision whether to award fees or in what amount." Id. at *3 (citing Moriarty v. SVEC, 233 F.3d 955, 967 (7th Cir. 2000) ("substantial settlement offers should be considered as a factor in determining an award of reasonable attorney's fees even where Rule 68 does not apply")) (citation omitted). In Moriarty, the case relied upon by Parke, the court concluded that when a substantial offer is rejected, it is proper for the court to reflect on whether to award only a percentage (including zero percent) of the attorney's fees that are incurred after the date of the settlement offer. 233 F.3d at 367. Parke does not provide support for discovery of attorney billing information for use in developing an offer of judgment under Rule 68 (in fact, Parke, the offer of judgment did not include attorney's fees); it only provides support for the argument that rejection of a substantial offer of settlement may be taken into account when it comes time to award attorney's fees.

is relevant to the ultimate determination of all claims made by Gohman, including her claim for fees. Therefore, this Court concludes that the information sought is reasonably calculated to the discovery of admissible evidence at trial, and that the term "trial" includes all matters associated with Trans Union's exposure in this case, including the post-verdict determination by the Court of fees to be awarded to Gohman.

Further, in light of the strong policy favoring settlement of disputes without litigation,[4] if any settlement is to occur in this case, attorney's fees incurred by Gohman will need to be considered. Thus, in order to determine its potential exposure and to make a viable offer of settlement, Trans Union will need to know how many hours have been expended by Gohman's attorneys and their hourly rate.

Accordingly, this Court finds that because Gohman has made a claim for attorney's fees in this case, discovery of the hours and hourly rates charged by her attorneys is relevant now to a determination to be made by the Court and settlement.[5] Therefore, Gohman shall provide the information and documents sought by Trans Union in response to Interrogatory No. 1 and Document Request No. 1.

This Court also finds that the fee arrangement between Gohman and her counsel to be relevant to the issue of determining attorney's fees. Sections 1681n and 1681o provide for an award of "reasonable" attorney's fees. "The most useful starting point for

---

[4]   See Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc., 966 F. Supp. 833, 838 (D. Minn. 1997) (citing Digi-Tel Holdings, Inc. v. Proteq Telecommunications, Ltd., 89 F.3d 519, 524-25 (8th Cir. 1996); Boatel Industries Inc. v. Wollard, 2 U.S.P.Q.2d 1946, 1949 (D. Minn. 1987)); see also Local Rule 16.5 (requiring parties to engage in alternative dispute resolution, whether it be in the form of a settlement conference before this Court or private mediation).

[5]   "The onus is on the party seeking the award to provide evidence of the hours worked and the rate claimed." Wheeler v. Missouri Highway & Transp. Com'n, 348 F.3d 744, 754 (8th Cir. 2003) (citation omitted).

determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). This method is commonly referred to as the loadstar method. See Armstrong v. Rose Law Firm, P.A., No. Civ. 00-2287(MJD/SRN), 2002 WL 31050583 at *2 n. 1 (D. Minn. Sept. 5 2002); see also Donnay v. CSC Credit Services, et al., Civil No 02-3795 RHK/AJB at *3, attached as Ex. C to Affidavit of John H. Goolsby offered in connection with Pl.'s Supp. Mem. (finding that the loadstar method of determining attorney's fees applies to FCRA). However, the lodestar amount is not the end of the inquiry as there are factors that favor adjusting the fee upward or downward, including:

> 1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Deluxe Corp. v. MIPS Dataline America, Inc., No. Civ. 99-1975 ADM/SRN, 2001 WL 476584 at *2 (quoting Hensley, 461 U.S. at 430 n. 3, citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)) (emphasis added); see also McDonald v. Armontrout, 860 F.2d 1456, 1459 nn. 4-5 (8th Cir. 1988) (citation omitted); Shakopee Mdewakanton Sioux Community v. City of Prior Lake, Minn., 771 F.2d 1153, 1160 (8th Cir. 1985), cert. denied, 475 U.S. 1011 (1986) (citation omitted); Donnay v. CSC Credit Services, et al., Civil No 02-3795 RHK/AJB at *3; but see Pinkham v. Camex, Inc., 84 F.3d 292, 294 (8th Cir. 1996) (finding the fee agreement between an

attorney and client is immaterial to the loadstar calculation). Whether the fee in this case is fixed or contingent may bear on whether to reduce or increase the lodestar amount. Consequently, it may be useful for the defendant to have this information in determining the amount of attorney's fees to offer in a settlement proposal or use the fee arrangement in the event judgment is entered against it. Cf., Kramer, 2003 WL 21640495 at *2 (finding that party requesting discovery has no burden to show an immediate need of the requested information). However, if the fee arrangement is memorialized in writing (i.e., in a retainer agreement), Gohman's counsel may redact any portions not relating to the fee arrangement, as Trans Union has not provided this Court for any basis for their disclosure.[6]

Finally, in Gohman's discovery responses, she objected to responding to the requests at issue, in part, as being unduly burdensome. See Def.'s Ex. List, Exs. A-B. It is true that "even when dealing with requests for relevant information, the Rules recognize that discovery may be limited when the benefits to be obtained are outweighed by the burdens and expenses involved." Onwuka v. Federal Express Corp., 178 F.R.D. 508, 516 (D. Minn. 1997) (citing Fed. R. Civ. 26(b)(2)). However, Gohman has made no showing as to why complying with the discovery requests would be burdensome. A party making an unduly burdensome objection must support its boilerplate objection in its opposition to a motion compel and a failure to do so leaves this Court with no basis to determine whether the objection is valid. See Sonnino v.

---

[6] Gohman has made no claim that this material is protected from disclosure by the attorney-client privilege or work product doctrine. Even if she had, the attorney-client privilege and work product doctrine generally do not prevent the disclosure of fee agreements. See e.g., United States v. Sindel, 53 F.3d 874, 876 (8th Cir. 1995) (citation omitted); Ralls v. United States, 52 F.3d 223, 225-26 (9th Cir. 1995); Renner v. Chase Manhattan Bank, No. 98 CIV. 926 (CSH), 2001 WL 1356192 at **1-2 (S.D.N.Y Nov. 2, 2001) (citation omitted).

<u>University of Kansas Hosp. Authority</u>, 221 F.R.D. 661, 670-71 (D. Kan. 2004).  Given the arguments before the Court, it does not find that Gohman's unduly burdensome objections defeat Trans Union's request for an order compelling discovery.

For all the above reasons, plaintiff shall provide the information and documents sought by Trans Union in response to its Interrogatory No. 1 and Document Request No. 1, on or before December 13, 2004.

J.S.M.